**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar #15983
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KARAN HINTZE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMICA MUTUAL INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X,<br><br>    Defendant. | CASE NO.<br><br>[District Court, Clark County Case No.: A-22-853404-C, Dept. No.: 27] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Amica Mutual Insurance Company ("Defendant") hereby files this Notice of Removal of the above referenced action from the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, to the United States District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

### I.   BACKGROUND

1. On June 1, 2022, Plaintiff, Karan Hintze ("Plaintiff"), filed her Complaint against Defendant and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-853404-C. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

1                                                                KRB/25895

2. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining whether jurisdiction lies. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) [setting forth requirements for diversity jurisdiction] of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

3. Plaintiff's Complaint pleads three causes of action: 1) Breach of Contract, 2) Breach of The Implied Covenant of Good Faith and Fair Dealing or Bad Faith, and 3) Violation of Unfair Claims Practices Act. These causes of action relate to an alleged insurance policy between Plaintiff and Defendant.

4. For damages in her Complaint, Plaintiff prays for judgement against Defendant for general damages in excess of $15,000; special damages in an amount to be determined at time of trial; consequential damages, including attorney's fees; expectation damages in excess of $15,000.00; medical and incidental expenses; lost earnings and earning capacity; reasonable attorney's fees and costs of suit; punitive damages in an amount to be determined at trial; interest at the statutory rate; and such other relief the Court deems just and proper. *See* Exhibit A, pp. 8.

## II.   TIMELINESS OF REMOVAL

5. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

6. However, there is an exception to the general rule outlined in 28 U.S.C. § 1446(b), which states:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3) (emphasis added).

7. Defendant, through the Nevada Commissioner of Insurance, was served with a copy

of the Complaint on June 27, 2022.

8. However, as stated above, the case, as stated by the initial pleading (the Complaint), was not removable because, although there is complete diversity between the parties, it was not apparent from the face of the Complaint that there was a sufficient amount in controversy.

9. On August 24, 2022, Plaintiff filed her Request for Exemption From Arbitration which indicated that she was claiming past medical and related expenses of $108,027.67. *See* Pltf's Request for Exemption from Arbitration, pp. 2-3, attached hereto as **Exhibit B**.

10. Based on this Request for Exemption from Arbitration, it has become apparent that the amount in controversy is sufficient to make this case removable, and therefore the Request filed by Plaintiff on August 24, 2022 is the first papers from which it may be ascertained this case is removable.

11. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of the receipt by Defendant, of Plaintiff's Request for Exemption from Arbitration.

### III.   DIVERSITY JURISDICTION

12. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

A.   There Exists Complete Diversity of Citizenship

13. For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For

3   KRB/25895

the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. For the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship for diversity purposes is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

15. The Plaintiff in this action is domiciled in, and a resident of, Clark County, Nevada. *See* Exhibit A at ¶ 1.

16. Defendant is an insurance company whose state of corporation is Rhode Island, with its principal place of business in Rhode Island.

17. Plaintiff's Complaint includes the assertion that Defendant is an insurance company

that issues insurance policies in Clark County, Nevada. *See* Exhibit A at ¶ 2. However, this assertion is irrelevant to the question of diversity because citizenship for the purpose of diversity jurisdiction is determined *only* by the state of incorporation and the principal place of business of a corporation; the fact that Defendant is doing business in Nevada does not render it a citizen of Nevada. *See Hertz,* 559 U.S. at 93.

B. <u>The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest</u>

18. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co*., 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc*., No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

19. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. This is insufficient to make it facially apparent from the Complaint that the amount in controversy requirement is met.

20. However, as discussed above, Plaintiff's Request for Exemption from Arbitration served on Defendant on August 24, 2022 makes it apparent that the amount in controversy in this matter does actually exceed $75,000.

21. In her Request for Exemption from Arbitration, Plaintiff claims she has suffered $108,027.67 in past medical expenses incurred to date. *See* Exhibit B at p. 2-3.

22. Plaintiff also claims that she has incurred expenses for lost earnings and loss of earning capacity. *See* Exhibit A at p. 8.

23. On top of these alleged damages, Plaintiff is also seeking attorneys' fees. *See* Exhibit A at p. 8. Based on this, there can be no doubt that the total amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

### IV.    VENUE IS PROPER IN THIS DISTRICT AND DIVISION

24. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

### V.    THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

25. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

26. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

27. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit C**.

28. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

///

///

///

///

///

29. If any question arises as to the propriety of the Removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 1st day of September, 2022.

ALVERSON TAYLOR & SANDERS

 /s/ Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar #6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar #15983
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendant*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 1st day of September, 2022, service of the foregoing **NOTICE OF REMOVAL** was made this date by depositing a true copy of the same for mailing, first class mail at Las Vegas, Nevada, addressed as follows:

Anthony L. Ashby, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101

 /s/Antonia Di Dio
An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\25800\25895\pleading\Amica - Notice of Removal.doc